752 So.2d 269 (2000)
Susan Gail HESTER
v.
William Ewing HESTER, III.
No. 98-CA-2220.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 2000.
Lowe, Stein, Hoffman, Allweiss & Hauver, Robert C. Lowe, Ellen Widen Kessler, New Orleans, Louisiana, Counsel For Plaintiff/Appellee.
William E. Hester III, New Orleans, Louisiana, In Proper Person, Defendant/Appellant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, Judge.
This appeal filed by William E. Hester, III, appellant/defendant, is another one of his numerous attempts to avoid his obligations *270 to his disabled children and his former wife.
In this appeal Mr. Hester contends the trial court erred in its denial of his rule to revoke or reduce his obligation to pay permanent alimony. Further Mr. Hester contends that the trial court erred by not allowing him to make a prima facie case in support of his rule to revoke or reduce permanent alimony by not allowing him to present all relevant and admissible evidence.
This case began in 1988 when Susan Hester sought a legal separation from William Hester. The parties agreed to award custody of the parties three minor children to Mrs. Hester. In April 1989 after a trial on the issues of support, the trial court ordered Mr. Hester to pay alimony pendente lite to Mrs. Hester and child support for the minor children.
In 1990 after a hearing Mrs. Hester was found free from fault in the break-up of the marriage and the trial court invalidated the marriage contract. This Court affirmed the trial court's ruling.
In May 1992, the Hesters were divorced. Mr. Hester filed a rule for reduction of child support. The trial court denied the rule to reduce child support, holding that there was not a substantial change of circumstances since support was set. Further, the trial court, after a hearing set permanent alimony at $2100 per month plus twenty percent (20%) of Mr. Hester's annual bonus.
In 1993 Mr. Hester's motion for a new trial was denied; he filed appeal # 93-CA-1665 in this court. This Court in [97-1326 La.App. 4 Cir. 2] 9/15/94 amended the alimony award to delete $496 in "nonnecessitous" expenses, and the judgment was affirmed as amended. Hester v. Hester, 93-1665 (La.App. 4th Cir.9/15/94), 643 So.2d 216. Both parties filed writ applications with the Supreme Court.
On November 16, 1994, Mr. Hester was filed a "Rule to Terminate and/or Reduce Post-Divorce Alimony, to Modify Child Support Obligations and to Require Reimbursement of Overpaid Alimony," asserting that Mrs. Hester is no longer in need because her salary increased in 1993. Mr. Hester also requested that sanctions be imposed against Mrs. Hester because she failed to update discovery and notify him of her increased salary.
On December 6, 1994, Mrs. Hester filed an exception of no cause of action in response to Mr. Hester's rule.
On December 19, 1994, the Supreme Court denied Mr. Hester's writ application, Hester v. Hester, 94-2549 (La.12/19/94), 648 So.2d 404, but granted Mrs. Hester's application and, in a brief per curiam, reversed this court's reduction of alimony and reinstated the $2,100 per month awarded by the trial court, Hester v. Hester, 94-2575 (La.12/19/94), 647 So.2d 1095, 1095-96.
In February 1995, the trial court continued the hearing on the pending rules and exceptions. Mr. Hester was informed by the trial court that the court believed Mrs. Hester had no duty to "update discovery," because no rules were pending between June 1992 and November 1994. Therefore, his motion for sanctions was without justification.
On March 17, 1995, Mr. Hester filed an "Amended and Supplemental Rule to Revoke and/or Reduce Post-Divorce Alimony, to Modify Child Support Obligations, and to Impose Sanctions against the Plaintiff and her Counsel."
On March 17, 1995, Mr. Hester filed Motion for Summary Judgment asserting that he was entitled to a judgment as a matter of law terminating his alimony obligation effective March 1, 1993. He also sought an award of "all costs of litigation including reasonable attorney's fees" for his pro se motion.
On March 27, 1995, Mrs. Hester filed an opposition to her ex-husband's motion for summary judgment and submitted a supporting *271 affidavit concerning her income and expenses.
On March 27, 1995, Mrs. Hester filed a memorandum in support of her exceptions to Mr. Hester's original and amended rules. Mrs. Hester also filed a motion for sanctions based upon Mr. Hester's repeated claim that she violated a duty to update discovery.
On April 5, 1995, Mrs. Hester filed an addendum to her memorandum in support of her exceptions.
On April 11, 1995, Mr. Hester's motion for summary judgment was denied; neither written nor oral reasons for that judgment were made available to this court.
On April 26, 1995, the trial court rendered an oral judgment dismissing Mr. Hester's demand for sanctions and maintained Mrs. Hester's exception of no cause of action as to the Rule to Revoke and/or Reduce Post-Divorce Alimony.
On May 1, 1995, the trial court entered written judgment in accordance with the trial court's April 26, 1995 ruling.
On May 15, 1995, Mr. Hester filed a motion for a new trial. Mr. Hester filed his "Second Amended and Supplemental Rule to Revoke and/or Reduce Post-Divorce Alimony, to Modify Child Support Obligations, and to Impose Sanctions against the Plaintiff and her Counsel." Mr. Hester argued that Mrs. Hester failed to inform him of her changes in income since 1992 and that this was a sanctionable violation of her duty to update discovery.
On May 26, 1995, the trial court denied Mr. Hester's Motion for New Trial. On June 1, 1995, Mr. Hester appealed the May 1,1995 judgment (that appeal was docketed in this court as # 95-CA-1806).
On August 9, 1995, Mrs. Hester excepted to Mr. Hester's Second Amended Rule on the grounds of lis pendens, no cause of action, res judicata, and lack of subject matter jurisdiction.
On August 9, 1995, Mrs. Hester filed "Second Motion for Sanctions" based upon the Second Amended Rule's repetition of the claims and arguments previously rejected and now at issue in his appeal in # 95-CA-1806.
On August 11, 1995, Mr. Hester requested an indefinite continuance of any hearing on his Second Amended Rule, pending a decision on his appeal # 95-CA-1806.
On August 16, 1995, the trial court orally ruled that it did not have jurisdiction to consider Mr. Hester's Second Amended Rule because of his pending appeal but granted Mrs. Hester's Second Motion for Sanctions.
On August 28, 1995, the trial court entered a written judgment in accordance with the August 16, 1995 oral ruling that ordered Mr. Hester to pay sanctions of $7,500 plus $350 in attorney fees and all costs of the Motion for Sanctions.
On September 27, 1995, Mr. Hester was granted a suspensive appeal from the August 28,1995 judgment (docketed in this court as # 96-CA-0189).
On January 31, 1996, this court reversed the trial court's judgment of May 1, 1995 and maintained Mrs. Hester's exception of no cause of action; her application for Supreme Court review of that opinion was rejected as untimely. Hester v. Hester, 95-1806 (La.App. 4th Cir.1/31/96), 666 So.2d 737 (table), writ not considered, 96-0567 (La.4/19/96), 671 So.2d 930.
In February 1996, the trial court held a series of hearings to determine the merits of Mr. Hester's various rules to terminate and/or reduce both his ex-wife's alimony and his child support obligations.
On September 11, 1996, this court affirmed the trial court's August 28, 1995 judgment imposing sanctions on Mr. Hester. Both parties sought writs to the Supreme Court. Both of these applications were denied. Hester v. Hester, 96-0189 (La.App. 4th Cir.9/11/96), 680 So.2d 1232, writs denied, 96-2452, 96-2468 (La.12/6/96), 684 So.2d 933-34.
*272 Between January and June 1997, the trial court held other hearings on the merits of the pending rules. On June 6, 1997, the trial court completed all of the testimony on all of the child support and alimony issues. The trial court denied the rule to revoke or reduce permanent alimony. The trial court granted Mr. Hester ten days to proffer the evidence related to the child support and alimony issues.
Mr. Hester requested written reasons for the judgment of June 6, 1997. The trial court sent notice of judgment with written reasons. Mr. Hester appealed the trial court's denial of his motion to reduce or revoke permanent alimony.

PERMANENT ALIMONY
The issue in this appeal is whether Mr. Hester established a substantial change in circumstances to justify a reduction or revocation of alimony to his former wife. We affirm the trial court' judgment because we find that Mr. Hester failed to establish his burden of proof of his former wife's change in circumstances.
A party who seeks modification in an award of permanent alimony or support on the grounds that there has been a change in financial circumstances must establish a significant change in party's circumstances since the permanent alimony was set. Gottsegen v. Gottsegen, 503 So.2d 588 (La.App. 4 Cir.1987); Drummond v. Drummond, 462 So.2d 682 (La.App. 4 Cir. 1984).
The trial court is vested with much discretion in making alimony determination and its ruling in that respect and this court gives great weight in consideration. Rovira v. Mire, 587 So.2d 149(La.App. 4 Cir.1991); Shenk v. Shenk, 563 So.2d 1000 (La.App. 4 Cir.1990). Further, the trial court's determination or rulings to modify the amount of alimony should not be reversed or modified by an Appellate Court absent a clear abuse of discretion. Arabie v. Arabie, 447 So.2d 22 (La.App. 1 Cir.1984).
On Appeal Mr. Hester contends the trial court erred in denying his rule to revoke or reduce permanent alimony. Mr. Hester argues that this Court determined that he stated a cause of action and that he had shown a substantial change in circumstances. He further argues that the evidence submitted to the trial court established a change of circumstances and that the trial court erred in finding that he failed to prove a change of circumstances in his former's wife financial circumstances. He contends that the issue of proving a change of circumstances was res judicata because this Court had ruled on that issue and had made a final decision. Thus, the trial court's ruling on the same issue violated the rule of res judicata.
Mr. Hester argues in the alternative that if the January 1996 decision rendered by this court is not res judicata on the issue of change of circumstances., i.e. proved that his former wife had a substantial change in her financial circumstances, because she receive a substantial increase in her income from the time the permanent alimony was set in June 1992 and the time he filed his rule to revoke or reduce permanent alimony in November 1994.
In the instant case, we find that Mr. Hester failed to prove that his former wife had a substantial change in circumstances. The record reveals that Mrs. Hester is a schoolteacher who has received only routine increases in her salary since the alimony was set in 1992. Mrs. Hester's job has not changed, and her salary has increased only been routine received by all teachers. We find that these increases do not constitute a change in circumstances under LSA-R.S. 9:311. We agree with the trial court that these increases, which have been just enough to offset inflation, do not constitute a change in circumstances sufficient to warrant a reduction or a revocation of alimony. These increases in comparison to Mr. Hester's wealth and income as a successful Attorney are minimal. Therefore, we affirm the trial court's denial *273 of Mr. Hester's rule to revoke or reduce permanent alimony.

SANCTIONS AND MOTION TO STRIKE PROFFERED EVIDENCE
Susan Hester has answered this appeal seeking sanctions against Mr. Hester. Mrs. Hester contends that this is a frivolous appeal of the trial court's denial of the rule to revoke or reduce permanent alimony. Further, Mrs. Hester contends that Mr. Hester failed to timely proffer the evidences as ordered by the trial court in violation of LSA-C.C.P. art. 1434, and that such action is sanctionable.
Also, Mrs. Hester filed a motion to strike the two proffers filed by Mr. Hester, on April 9, 1999, approximately twenty-two months after he was granted the motion to proffer by the trial court.
LSA-C.C.P. art. 863 provides for sanctions against an attorney or a party who has violated his certification that the:
pleading is to the best of his knowledge, information and belief formed after reasonable inquiry...is well grounded in fact; that it is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
After careful review of the record, we find that this appeal is frivolous. This appeal is a continual pattern of harassment and delays engaged in by Mr. Hester. Therefore, we find that these continual actions justify the award of sanctions.
Although appeals are favored this appeal is an arbitrary, capricious, and malicious act which was filed for the sole purpose of harassment and to cause the financial ruin of Ms. Hester.
Accordingly,
IT IS HEREBY ORDERED that William Hester III be sanctioned and fined $5,000.00 Dollars, payable to Susan Hester.
IT IS FURTHER ORDERED that Susan Hester be awarded $3,000.00 Dollars in Attorney's Fees.
IT IS FURTHER ORDERED that all costs of this appeal be assessed against William Hester III.
IT IS FURTHER ORDERED THAT the motion to strike be GRANTED.
AFFIRMED AND SANCTIONS GRANTED; MOTION TO STRIKE GRANTED.
ARMSTRONG, J., CONCURS