STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-284


LEISA ANN CROOKSHANK HENRY

VERSUS

JOSEPH RODNEY HENRY


**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1997-9362
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

AFFIRMED.

John Edward Fitz-Gerald
One Lakeshore Drive, Suite 1460
Lake Charles, LA 70629
(337) 494-1200
Counsel for Plaintiff/Appellee:
    Leisa Ann Crookshank Henry

Richard Dean Michels
Child Support Enforcement Agency
P. O. Box 1465
Lake Charles, LA 70616
(337) 491-2624
Counsel for Plaintiff/Appellee:
    Leisa Ann Crookshank Henry

**Alvis J. Roche**
**1515 Common Street**
**Lake Charles, LA 70601**
**(337) 436-9457**
**Counsel for Defendant/Appellant:**
**Joseph Rodney Henry**

GREMILLION, Judge.

This case involves the modification of a child support award in which the trial court declined to reduce the award paid by the defendant-appellant, Joseph Rodney Henry, to his ex-wife, Leisa Ann C. Henry, the plaintiff-appellee. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case has an extensive litigious history beginning in 1997. Leisa filed for divorce in December 1997, which was granted in July 1999. A November 2001 judgment granted Leisa child support of the two minor children, Aleis and Joseph (Kade), in the monthly amount of $1,697.[1] The judgment of child support was rendered in November 2001, and was an in globo award for both children. In March 2002, Joseph filed a Rule for Reduction of Child Support urging that his circumstances had changed in that his income was substantially less. Pursuant to local court rules, a hearing officer was thereafter appointed to determine the child support award. The hearing officer recommended that the child support award be reduced from $1,697 per month to $1,091 per month. In May 2003, the trial court ordered that the interim child support be reduced to $1,091 until a formal hearing could be held.

In July 2005, Joseph filed a Rule to Show Cause urging that Leisa should not be allowed to continue in the matter as a pauper, and that as of 2003, Aleis had reached majority status, and he, therefore, should be allowed to terminate child support of Aleis and was due a refund of child support once Aleis reached the age of

_____

[1] Aleis was born 9/15/85, and Kade was born 2/12/91.

1

majority. He further alleged that he was entitled to a decrease in child support as to Kade due to a reduction in his income and an increase in Leisa's income.

Leisa appealed the hearing officer's recommendation which was heard before the trial court. Various other pleadings and motions were filed in the interim, and the matter was ultimately set for trial in March 2006.

Following the March 2006 trial, the trial court dismissed Joseph's Rule for Reduction of Child Support and reinstated the original child support award in the Judgment of November 21, 2001. It further dismissed Joseph's Rule for Contempt filed in July 2002. The trial court made various other findings not at issue herein. Written reasons for judgment were filed into the record on October 4, 2006, and the judgment was rendered on November 28, 2006. Despite this judgment, Joseph's counsel, in a letter dated July 10, 2006 to the trial court, requested that a hearing be set pertaining to the "Answer to Pending Rules Filed by Leisa Ann C. Henry and Rule to Show Cause that was filed on behalf of my client on July 20, 2005."

In September 2006, Joseph filed a motion and order to terminate and modify child support, medical insurance coverage, and tax dependency. He again urged that the garnishment of his wages on behalf of his major child should be discontinued and that he was due a refund of $20,620.08 for overpayment.

Joseph now appeals and assigns as error:

1.   The trial court's dismissal of the "interim order" of the hearing officer recommending that the child support award be reduced from $1,697 per month to $1,091 per month.

2.   The trial court's dismissal of his rule to show cause filed in July 2005, which denied him his right to try the case on the merits.

2

## DISCUSSION

The trial court has great discretion in determining a child support award, and its findings of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error or a clear abuse of discretion. *McCorvey v. McCorvey*, 05-889 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, *writ denied*, 06-0435 (La. 4/28/06), 927 So.2d 295; *Murphy v. Murphy*, 04-1332 (La.App. 3 Cir. 2/2/05), 894 So.2d 542, *writ denied*, 05-0983 (La. 11/28/05), 916 So.2d 144.

## RULE FOR REDUCTION OF CHILD SUPPORT

In his first assignment of error, Joseph urges that the trial court erred in dismissing the interim order in which the hearing officer reduced the in globo child support award from $1,697 to $1,091 and in reinstating the November 21, 2001 award. Louisiana Civil Code Article 142 governs the modification of a child support award and states: "An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become necessary."

The trial court stated in its lengthy written reasons that subpoena duces tecums were issued by Leisa's counsel on at least two different occasions requesting that Joseph produce various financial documents and information and that Joseph failed to produce the information.

The trial court stated: "Requests for Joseph's financial information have been ongoing for years. He has never complied, except to provide a few W-2's from his employment." Further, the trial court found that "Joseph admitted he had the

3

information and just failed to produce it." The trial court's written reasons further state:

> Due to Joseph's refusal to produce any income and other financial information, the Court can not [sic] determine whether Joseph is entitled to a reduction in his child support obligation. The Court also notes that during these pending proceedings, the parties' oldest child reached the age of majority on September 15, 2003. However, due to Joseph's refusal to produce any requested documents on more than one occasion, the Court is not able to recalculate the child support. For the foregoing reasons, the Court will dismiss Joseph's "Rule for Reduction in Child Support," at his cost due to his continuous failure to produce the financial information requested in order that a determination could be made as to whether a reduction in child support is warranted. Thus, Joseph's child support obligation and all other related orders, shall remain as set forth in the last judgment filed on November 21, 2001.

Our review of the testimony elicited the following facts: Joseph has not filed income tax returns since 2001; his attorney had a box of financial information in his car, but he was not sure what was in it; Joseph claims his financial papers were destroyed in Hurricane Rita; and Leisa's counsel requested extensive financial documents on multiple occasions which Joseph has never produced and for which he has been held in contempt. It was clear from Joseph's own testimony that he had sold multiple rental properties and purchased a home. It was further clear that he failed to produce the requested documents long before Hurricane Rita hit in the late summer of 2005.

Based on Joseph's refusal to produce the evidence requested, we find no error in the trial court's ruling. Joseph has had multiple opportunities to produce the evidence showing that his circumstances have materially changed to his detriment, yet he has failed to do so.

4

Joseph further urges that we take judicial notice of the fact that Aleis became a major on September 15, 2003. Louisiana Revised Statute 9:315.22 governs the termination of child support upon majority and states:

A.  When there is a child support award in a specific amount per child, the award for each child shall terminate automatically without any action by the obligor upon each child's attaining the age of majority, or upon emancipation relieving the child of the disabilities attached to minority.

B.  When there is a child support award in globo for two or more children, the award shall terminate automatically and without any action by the obligor when the youngest child for whose benefit the award was made attains the age of majority or is emancipated relieving the child of the disabilities attached to minority.

The November 2001 award was an in globo award, thus the award does not terminate until the youngest child reaches majority. *See Chambers v. Saucier*, 06-1290 (La.App. 3 Cir. 2/7/07), 949 So.2d 662. Although a reduction in the in globo award may have been possible, Joseph failed to produce the necessary evidence that would have allowed the trial court to determine the amount of reduction warranted. Accordingly, we find no error in the trial court's ruling dismissing Joseph's Rule for Reduction of Child Support because of its inability to modify a child support award or reduce the in globo award. We hold this is especially true when the trial court lacks the information necessary to make that determination due to its finding that Joseph refused to produce the requested documentation. This assignment of error is without merit.

## JULY 2005 RULE TO SHOW CAUSE

Joseph argues that the trial court erred in dismissing his July 2005 Rule to Show Cause which denied him the right to try his case on the merits. The trial court's written reasons pertaining to this issue states:

5

On July 20, 2005 Joseph filed an "Answer to Pending Rules filed by Leisa Ann C. Henry and Rule to Show Cause," seeking numerous items of relief. Specifically, Joseph sought the following:

1) Leisa should be prevented from proceeding in pauper status;

2) The Income Assignment Order be terminated or reduced to $848.50 per month per child, since one child had reached the age of majority;

3) He be awarded a judgment in the amount of $19,515.50 for overpayment of child support since the one child became the age of majority on September 15, 2003;

4) A decrease in the amount of child support he paid for Kade, due to change in income for Leisa and him;

5) The percentages of unreimbursed medical expenses be reduced;

6) Leisa be ordered to apply for and maintain medical insurance on the child;

7) He should be allowed to claim the minor child, Kade, on his state and federal income tax returns every year;

8) His visitation with Kade should be modified to allow him to take the child out of Louisiana during his visitations and be allowed to pick up Kade on Friday after school and return him to school the following Monday mornings on his alternating weekend visitations with Kade;

9) A new Income Assignment Order be issued by the Court regarding the proper amount of child support for the minor child, Kade;

10) He should be allowed to have the first right of refusal when Leisa can not [sic] exercise her visitation rights with the child; and

11) Leisa casts [sic] with all costs of the proceedings.

The Court will note at the outset that Joseph's request for relief in numbers 2 - 7 and 9, all relate to the money issues raised in Joseph's rule to reduce his child support obligation. Since Joseph failed to produce the financial information requested and necessary to address these issues, the Court is dismissing these requests.

As for Joseph's request that Leisa be prevented from proceeding in pauper status, the Court finds that Joseph presented absolutely no evidence to support this claim. Thus, the court will dismiss this request.

6

In numbers 8 and 10, Joseph seeks to modify the Joint Custody Plan. After hearing all of the evidence and testimony, the Court has set forth previously the modifications to the Joint Custody Plan which it deems are in the best interest of Kade. Thus, Joseph's answer is dismissed.

Again, based on the foregoing reasons and our careful review of the record, we find the trial court did not err in dismissing Joseph's Rule to Show Cause for the reasons it enunciated. It is clear that the trial court addressed the issues Joseph raised in his rule to show cause, filed nine months prior to the hearing on the merits, in which testimony and evidence was presented on these issues. Accordingly, this assignment of error is without merit.

## CONCLUSION

The judgment of the trial court reinstating the November 2001 judgment awarding the plaintiff-appellee, Lesia C. Henry, $1,697 in child support per month is affirmed. All costs of this appeal are assessed against the defendant-appellant, James Rodney Henry.

**AFFIRMED.**