NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1152

TAMMY JOYCE HUMPHRIES ROY

VERSUS

WILLIAM PATRICK ROY

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 17709
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE

**********

DAVID KENT SAVOIE
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and David Kent Savoie, Judges.

AFFIRMED.

**Brian D. Mosley**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 484-6100**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **William Patrick Roy**

**Tammy Joyce Humphries Roy**
**In Proper Person**
**117 Watson Road**
**Colfax, LA 71417**
**(318) 641-0319**

**SAVOIE, Judge.**

William Patrick Roy (William) appeals the trial court judgment, dismissing, without prejudice, his rule for reduction of child support payments. For the following reason, we affirm.

## FACTS AND PROCEDURAL HISTORY

William was ordered to pay the sum of $755.00 in child support per month to the children's mother, Tammy Joyce Humphries Roy (Tammy), by consent judgment signed January 23, 2006, for his two minor children, Samantha Joyce Roy (Samantha) and Samuel Patrick Roy (Samuel). In his rule for reduction of child support filed August 10, 2015, William alleged that he is entitled to a reduction based on Samantha reaching majority and having graduated secondary school. After a hearing on September 8, 2015, judgment was signed October 2, 2015, denying the relief requested.

## ASSIGNMENT OF ERROR

The trial court erred in denying William's rule for reduction of his child support obligation.

## LAW AND ANALYSIS

The standard of review for a reduction of child support case is set forth in *Cole v. Cole*, 13-1442, p. 5 (La.App. 3 Cir. 6/4/14), 139 So.3d 1225, 1228:

> In the absence of manifest error or unless it is clearly wrong, an appellate court may not set aside a trial court's findings of fact. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). The standard of review for child support awards is well established in this circuit and others. "The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion." *Stelly v. Stelly,* 02–113 (La.App. 3 Cir. 6/26/02), 820 So.2d 1270.

"An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary." La.Civ.Code art. 142. Louisiana Revised Statutes 9:311(A)(1) provides: "An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award."

The burden lies with the party seeking a modification of the child support obligation to prove a material change has occurred. *Cole*, 139 So.3d 1225. This court in *Cole*, 139 So.3d 1225, 1229, held:

> [La.R.S. 9:311] does not otherwise define "material." The court in *Walker* [*v. Walker*, 02-606 (La.App. 3 Cir. 12/4/02), 832 So.2d 1098] references Comment (A) under La.R.S. 9:311. The comment is not part of the statute, but nevertheless discusses "material" as "a change in circumstance having real importance or great consequences for the needs of the child or the ability to pay of either party."

Louisiana Revised Statutes 9:315.22 sets forth the law regarding termination of child support upon emancipation or a child reaching majority. It provides in pertinent part:

> A. When there is a child support award in a specific amount per child, the award for each child shall terminate automatically without any action by the obligor upon each child's attaining the age of majority, or upon emancipation relieving the child of the disabilities attached to minority.
>
> B. When there is a child support award in globo for two or more children, the award shall terminate automatically and without any action by the obligor when the youngest child for whose benefit the award was made attains the age of majority or is emancipated relieving the child of the disabilities attached to minority.

"A reduction in child support is not automatic each time one of several children reaches the age of majority, nor even when all minor children for whom

2

support has been ordered reach the age of majority." *Hester v. Hester*, 01-380, p. 9 (La.App. 4 Cir. 12/12/01), 804 So.2d 783, 789, *writ denied*, 02-92 (La. 3/22/02), 811 So.2d 934. "The amount of child support remains the same even after the oldest child reaches majority until such time as the obligor moves the court for and is granted a judgment reducing the *in globo* amount." *Id.*

This court, in *Henry v. Henry*, 07-284 (La.App. 3 Cir. 5/30/07), 958 So.2d 150, was faced with the same issue. In that case, the father filed a rule for reduction of child support based on the child reaching the age of majority. The hearing officer initially reduced the award; however, the trial court declined the hearing officer's interim order, dismissing the rule for reduction. The father appealed. This court opined:

> Although a reduction in the in globo award may have been possible, Joseph failed to produce the necessary evidence that would have allowed the trial court to determine the amount of reduction warranted. Accordingly, we find no error in the trial court's ruling dismissing Joseph's Rule for Reduction of Child Support because of its inability to modify a child support award or reduce the in globo award. We hold this is especially true when the trial court lacks the information necessary to make that determination due to its finding that Joseph refused to produce the requested documentation.

*Id.* at 154.

In the present case, the age of the child is uncontested. When asked whether Samantha has reached the age of eighteen, Tammy agreed that she has. Tammy also agreed that she has graduated from secondary school and is enrolled at Louisiana State University at Alexandria. Nonetheless, it is also undisputed that the 2006 consent judgment setting child support is an in globo award. Thus, La.R.S. 9:315.22(B) applies, and the child support award terminates upon the youngest child attaining majority. Samantha is not the youngest child. She has a

younger brother, Samuel, who has not yet reached the age of majority. As such, the award does not terminate automatically.

After a review of the record, we find no manifest error in the trial court's findings nor do we find an abuse of discretion in the denial of the rule for reduction. William has the burden of proving a material change for purposes of the reduction of his child support payments. He has not done so. William offered the first page of his 2011, 2012, and 2013 personal tax returns. He also entered into evidence the Initial Report of R&R Management, L.L.C and the Article of Incorporation, showing that he and his current wife are the only members of that company. There were no tax documents related to R&R Management, L.L.C. admitted into evidence. We agree with the trial court that William has not met his burden of proof.

## CONCLUSION

For the aforementioned reasons, we affirm the judgment of the trial court, dismissing, without prejudice, William Patrick Roy's rule for reduction of child support payments. Costs of this appeal are assessed to William Patrick Roy.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.