638 So.2d 1199 (1994)
Catherine Kim Cline DESHOTELS
v.
James Curtis DESHOTELS, Jr.
No. 93 CA 2026.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*1200 Alan S. Fishbein, Baton Rouge, for plaintiff-appellant.
Harley M. Brown, Baton Rouge, for defendant-appellee.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
This is an appeal from a family court judgment denying an increase in child support, denying a change from joint to sole custody, and modifying visitation.
Catherine Kim Cline Deshotels Coates (Coates) and James Curtis Deshotels, Jr. (Deshotels) were divorced August 22, 1988, in Baton Rouge, Louisiana. The judgment also provided for joint custody of their minor child, Justin Christopher Deshotels (Justin), with Coates named as the domiciliary parent. Deshotels was ordered to pay $375.00 in child support, plus medical, hospital, and dental insurance. By stipulation, the parties also entered into a joint custody and visitation plan. On June 27, 1989, an order reflecting a stipulation between the parties was rendered and signed, reducing the child support to $325.00, and to $250.00 during the period Deshotels was totally disabled.
On June 26, 1990, Coates filed a rule to increase child support and modify custody and visitation orders, and sought contempt for violating a reciprocal injunction prohibiting the parties from harassing each other, among other matters. Deshotels responded with a rule seeking an order of contempt for Coates' failure to communicate regarding Justin and for not allowing scheduled visitation, seeking to be named domiciliary parent, and for implementation of a new joint custody plan. On November 30, 1990, the motion for contempt against Deshotels was withdrawn and dismissed; Coates was found in contempt, with dismissal upon compliance with the joint custody plan; Coates' motion to increase child support was dismissed for failure to show a change in circumstances; and a joint custody visitation plan was signed.
Deshotels filed a motion for modification of custody October 21, 1992, seeking sole custody of Justin after learning that Coates was moving to Alabama. Later, Deshotels filed a rule seeking contempt for Coates' failure to allow visitation on March 19, 1993, and seeking to implement a new visitation or custody plan because Coates had moved to Alabama. Coates also filed a rule averring she had moved and sought sole custody and a stay of visitation pending determination of the custody issue. Subsequently, on April 1, 1993, Coates filed a rule seeking an increase in child support based on a change in circumstances. The matters of custody, contempt, and child support were heard and judgment rendered on April 19, 1993. The trial court found no change in circumstances sufficient to justify a modification in child support and left joint custody unchanged. Coates appealed.[1]

A. Change in Circumstances
Coates claims the trial court erred in finding no change in circumstances sufficient to justify modifying child support. The person seeking to modify a support order must prove a change in circumstances between the previous award and the motion for *1201 modification of the award. LSA-R.S. 9:311. In this case, the trial court considered the time between the last motion for an increase, which was November 30, 1990, and this most recent motion, which was filed April 1, 1993. On appeal the parties do not raise the time frame used by the court as an error. Nevertheless, we find that the trial court legally erred by using this time frame and this error requires a remand.
We could find no jurisprudence addressing the meaning of "previous award" as used in R.S. 9:311. When the two different time frames are applied, however, the results dictate proper interpretation of this language. If a "previous award" is defined as the last time a motion was considered and denied, as in this case, incremental changes in circumstances between motions may not justify a finding that circumstances have changed enough to modify support. Over time, however, incremental changes can build up. If the court is limited to considering changes between rules only, then it cannot take into account incremental build-up of small changes, which can dramatically change the circumstances. The best interest of the child is not served in this way.
On the other hand, when the court looks at the circumstances at the time the last award was set, rather than the last time a motion to modify the award was made, then the court would always be able to decide whether circumstances have changed based on the whole picture and the time frame would encompass any incremental changes.
The record does not contain sufficient evidence to determine the circumstances of the parties in 1989. Furthermore, the record is devoid of evidence concerning the needs of the child at this time compared with his needs in 1989.
Because we find the time frame used to determine whether there was a change in circumstances sufficient to justify a modification of support should have begun on June 27, 1989,[2] we pretermit discussion of other assignments of error concerning support.

B. Transportation Expenses
The trial court's 50-50% allocation of transportation expenses was not erroneous. In Holdsworth v. Holdsworth, 621 So.2d 71, 78 (La.App.2d Cir.1993), the trial court allocated medical expenses not covered by insurance on a 50-50% basis. The reviewing court found this allocation was within the discretion of the trial court and found no manifest error in this allocation. Likewise, the trial court did not abuse its discretion in allocating transportation expenses on a 50-50% basis.

C. Custody
The version of Louisiana Civil Code article 131(K) in effect until December 31, 1993, specifically provides that when an award of joint custody has been made and either parent changes his or her domicile to another state, the presumption that joint custody is in the best interest of a child ceases to exist.[3] Either parent may petition for custody, and the court after a contradictory hearing may modify the joint custody award or award sole custody of the child to either parent in accordance with the best interest of the child. The decision of the trial court is to be given great weight and will be overturned only where there is clear abuse of discretion. Thompson v. Thompson, 532 So.2d 101 (La. 1988); Timmons v. Timmons, 605 So.2d 1162, 1165 (La.App.2d Cir.1992).
Coates contends the acrimony and distrust between the parties, as well as the problems regarding transporting Justin from Alabama to Baton Rouge every 40 days, make the situation inappropriate for joint custody, and she seeks sole custody. Deshotels did not appeal the trial court's ruling on custody, but in answering the appeal requests that the trial court's ruling be upheld. The trial court considered Civil Code article 131(K) and still chose to continue joint custody between the parties.
The trial court emphasized the parties lived under the prior joint custody arrangement *1202 successfully until Coates moved to Alabama.[4] The court also stated the transportation issue appeared to be the primary unresolved issue between the parties. The testimony shows Coates and her second husband chose to move to Alabama for reasons related to Mr. Coates' employment. Justin was required to leave his hometown, school, and friends. Deshotels has given his best efforts to be with Justin, even though he has job-scheduling difficulties, travel cost considerations, and problems with Coates coordinating visitation. The record verifies what the parties have representedthat acrimony and distrust exist between the parties. We add the observation that Coates' failure to cooperate deprives Justin of maximum contact with his father, who now lives six hours away because of a move over which he had no control.[5] Based on our review of the record and the trial court's reasons, we cannot say the trial court abused its discretion in continuing joint custody.

D. Conclusion
In summary, we affirm the trial court's decision on transportation expenses and custody, but vacate the portion of the judgment relating to child support. This case is remanded for a redetermination of whether there has been a change in circumstances since the last time an award was actually made, rather than the last time a motion to modify was denied. Costs of this appeal are taxed equally between the parties.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
NOTES
[1] Coates also appealed the trial court ruling which held her in contempt for failing to allow visitation on April 19, 1993. However, this court denied Coates' application for supervisory writs on this ruling on February 10, 1994 (93 CW 1284), and she abandoned this assignment of error at oral argument.
[2] This is the date the parties entered a consent judgment reducing support to $325.00.
[3] La.Acts 1993, No. 261, § 1, eff. Jan. 1, 1994, simplified the language of article 131; however, Revision Comment (a) states the revision does not change the law.
[4] We note, however, that Coates previously has been found in contempt for violating visitation orders.
[5] We note that on one occasion Deshotels took time off from work and drove from Baton Rouge to Alabama to see Justin. When he arrived, he ate lunch with his son at Justin's school. Coates, who knew Deshotels intended to come see Justin, thereafter denied Deshotels access to and visitation with him. This denial of visitation resulted in the trial court finding Coates in contempt for violating visitation a second time.