JiWILLIAMS, Judge.
The defendant, Joseph T. Dice, III, appeals a juvenile court judgment modifying his obligation to pay child support. The juvenile court increased defendant’s support obligation because it found the current cost of supporting the child was substantially greater than the cost of supporting the child at the time the original judgment of support was rendered. For the following reasons, we reverse.
FACTS
Joseph T. Dice, III and Ramona Dice were married on October 18, 1972. One child was born of the marriage. On July 7, 1982, the parties were divorced. The judgment of divorce awarded custody of the child to Mrs. Dice, but did not award her any child support.
In July 1987, when the child was eight years old, the juvenile court ordered Mr. Dice to pay child support in the amount of $175 per month. The court also ordered Mr. Dice to maintain health insurance for the child.
In June 1992, the state instituted proceedings to modify the 1987 child support judgment. On October 28, 1993, when the child was fourteen years old, the juvenile court found a substantial change in circumstances and rendered a judgment increasing Mr. Dice’s child support obligation. Mr. Dice timely filed a Motion for New Trial and Reconsideration. The juvenile court granted the motion on the limited issues of the parties’ incomes and the child rearing expenses.
On May 26, 1994, the juvenile court rendered a second judgment. In this judgment, the court ordered Mr. Dice to pay $322 per month. The court further released Mr. Dice from his obligation to maintain health insurance. From these judgments, Mr. Dice appeals.
DISCUSSION
Mr. Dice contends that the juvenile court erred in finding a substantial change in circumstances to justify modifying his child support obligation. We agree.
A modification of a child support award must be justified by a substantial change in circumstances. Crowder v. Crowder, 595 So.2d 810, 811 (La.App.2d Cir.1992); 2LSA-C.C. Art. 142. Unless the party seeking the modification shows that the circum *215 stances have substantially shifted in a positive or negative direction consistent with the adjustment sought, a modification of a child support award is not warranted. Crowder, supra at 812.
In the instant case, the state failed to show that a modification was warranted. As observed by the juvenile court, neither of the parties’ incomes had changed in a direction consistent with the adjustment sought such that either party’s income constituted a substantial change in circumstances. Further, nothing in the record supports a finding that the needs of the child had increased to such an extent that such needs constituted a substantial change in circumstances. The juvenile court’s finding to the contrary is manifestly erroneous.
In support of its position, the state specifically asked Ms. Dice about the change in the cost of rearing the child. Ms. Dice responded:
Well, clothes and food are the main thing other than the extra curricular activities. Skating is a ... big expense_ Clothes are more.... Now he’s in high school and it matters a little bit more what he looks like, how he [is] dressed. He wants to look like everybody else does.
The state also' introduced an affidavit from Ms. Dice showing the current expenses of rearing the child. In concluding that a substantial change in circumstances had occurred, the juvenile court found that the child’s current expenses were reasonable and were substantially more than the expenses of rearing an eight-year-old child.
We reviewed the record, and, despite the evidence of the child’s current expenses, we found no evidence of the amount of the child’s expenses at the time the initial support award was set in 1987. Without a showing of comparable expenses, we must find that the juvenile court abused its discretion in increasing the child support award. See Mitchell v. Mitchell, 543 So.2d 128, 130 (La. App.2d Cir.1989). Accordingly, we reverse the juvenile court judgment modifying Mr. Dice’s child support obligation.
Costs are assessed to the State of Louisiana to the extent allowed by law.
REVERSED.