JiSEXTON, Judge.
Following trial on a motion to reduce child support, the district court found a substantial change in circumstances and rendered judgment reducing the monthly child support obligation of plaintiff, Kenneth Eugene Starks. Defendant, Sherie Denise Gibson Starks, appeals, alleging the trial court erred as a matter of law in determining the date of the previous award of child support and in finding that the plaintiff was entitled to a reduction of child support. We affirm.
The parties share joint custody of the three children of the marriage with split domiciliary parent status. Mr. Starks is the domiciliary parent of the oldest son, Duane, currently age 18, while Ms. Starks is the domiciliary parent of Brandi and Bradley, currently age 17 and 11, respectively (ages approximate, based on ages 16, 15, and 9, respectively, stated in petition filed 4/28/93).
As a result of Mr. Starks’ petition for divorce and Mrs. Starks’ reconventional demand to be named domiciliary parent and for alimony and for child support, a hearing was held on August 13, 1993. At that time the foregoing custody and domiciliary parent arrangement was stipulated to. It was further stipulated that Mr. Starks’ income was $4,000 a month. As a result of these stipulations and other evidence, the court signed a judgment on August 31, 1993, awarding Ms. Starks $752 a month for the support of the two (of the three) children in her domiciliary care.
Thereafter, as a result of difficulties in arranging visitation time with the children residing with the mother, Mr. Starks moved the court to enter a joint custody implementation plan. The judgment filing the plan was entered on August 11, 1994. No change was made in the amount of child support awarded pursuant to the August 31, 1993, judgment.
On September 16, 1994, Mr. Starks moved for a reduction in his child support obligation, citing a substantial decrease in his income and an increase in Ms. Starks’ income. The issue was tried and the court found that Mr. Starks’ income had decreased, considerably since the August 31, 1993, judgment setting child support. |2Moreover, Ms. Starks, who was unemployed at the time of the original support award, had a monthly earned income of $1022.75.
The trial court calculated the child support based upon this court’s decision in Nixon v. Nixon, 25,481 (La.App.2d Cir. 1/19/94), 631 So.2d 42, and reduced Mr. Starks’ child support obligation to $481.42 per month. Appellant has made no objection to this calculation.
*1226 Appellant first argues that the trial court erred in reducing the child support because the court found that the previous award date was the August 1993 judgment setting the child support rather than the August 1994 judgment on the joint custody implementation plan. Appellant thus asserts that there has been no change of circumstance since the August 1994 judgment, in contrast to the August 1993 judgment.
The person seeking to modify a support order must prove a change in circumstances between the previous award and the motion for modification of the award. La.R.S. 9:311. We find no error in the trial court’s conclusion that the previous award of child support was the judgment of August 31, 1993, rather than the consent judgment regarding the joint custody implementation plan dated August 11, 1994. The latter makes no mention of child support, except to say that the “previous orders of the Court regarding child support will remain in effect.” We distinguish Magown v. Magown, 599 So.2d 880 (La.App.2d Cir.1992), relied on by the plaintiff, wherein the court found that the “previous award” date was the date the parties entered an extra-judicial agreement to reduce child support. The instant August 1994 consent judgment did not modify or award child support, nor was child support at issue. The language in the joint custody implementation plan indicates that there was no new agreement or judgment on the child support issue, but only that the previous award was still in effect. See Deshotels v. Deshotels, 93-2026 (La.App. 1st Cir. 6/24/94), 638 So.2d 1199 (the term “previous award” used in LSA-R.S. 9:311 is thejjlast time the award was set, not the last time a motion was considered an'd denied). This contention is without merit.
Appellant’s second argument is that the trial court found that Mr. Starks could voluntarily reduce his income by paying his son $100 per week to work in his own employment. The trial court expressly considered the employment of appellee’s eldest son and found that there was no indication that his son’s employment caused a reduction in appellee’s income. We find no manifest error in this conclusion.
For these reasons, the judgment of the trial court reducing appellee’s child support obligation is affirmed at appellant’s cost.
AFFIRMED.