685 So.2d 681 (1996)
Louis K. ROUSSEAU
v.
Donna Brittain ROUSSEAU.
No. 96-502.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1996.
Scott Westerchil, Leesville, for Louis Keven Rousseau.
Don M. Burkett, Many, for Donna Brittain Rousseau.
Donna Brittain Rousseau, pro se.
Before YELVERTON, KNOLL and SULLIVAN, JJ.
KNOLL, Judge.
In this child support appeal, the sole issue before us is whether the trial court abused its discretion in increasing child support for two minor boys, Eric and Ryan, ages eight and eleven respectively at the time of the hearing, from $400 per month to $526.10 per month, an increase of $126.10. Called into question by this appeal is La.Civ.Code art. 142, which provides:
An award of child support may be modified if the circumstances of the child or of either parent change and shall be terminated upon proof that it has become unnecessary.
The father of the boys, Kevin Rousseau, urges that since the mother, Donna Brittain, did not show a substantial change in circumstances, the trial court abused its discretion. For the following reasons, we affirm.

FACTS
Kevin and Donna were married on January 22, 1983. Two sons were born of their marriage: Ryan on October 19, 1984, and Eric on September 20, 1987. On December 9, 1993, Kevin and Donna were divorced; they were awarded joint custody with Donna as the primary custodial parent. Kevin was ordered to pay total child support of $350 per month. In June of 1994, Kevin's child support was increased to $400 per month. In August of 1995, Donna ruled Kevin into court for another increase in child support based on a change of circumstance in that the boys were older and more expensive to support, and that their father had an increase in income. After a hearing on this rule, the trial court increased the child support by *682 $126.10, for a total monthly child support of $526.10.
The record shows that Donna is a full time college student at Northwestern State University, carrying twenty hours a semester. She is enrolled in an educational program that normally requires five years which she is trying to complete in four years. She has one and one-half years to complete. Other than the child support Kevin pays, she receives grants and scholarships to meet all other expenses.
Kevin works full time for Boise Cascade. He has remarried and from this marriage he has another child. His present wife worked for Boise Cascade prior to the birth of their baby, but at the time of this hearing, she had not resumed her employment.
In 1994, when Kevin and his present wife worked, they earned $45,636 in gross combined wages. Kevin's 1994 Federal income tax return shows that they declare Ryan and Eric, as well as Roseann and Matthew Garner, as dependents on their income tax return.
In addition to working full time for Boise Cascade, Kevin now attends college at Northwestern State University carrying twelve hours a semester. Because of his college studies in computer information, he is no longer able to work overtime. As of October 6, 1995, Kevin's gross income was $21,258.43, or approximately $2,362.05 per month.[1] Kevin admits he received an increase in income, but he argues the income is too small to merit the increase granted. He also urges that Donna failed to show a substantial change in the boys' circumstances.

ARTICLE 142: CHANGE OF CIRCUMSTANCES
Our careful review of the record shows that both parents are very hard working. These are hard financial years for both as there is much financial demand on each and not an abundance of money to go around. We are impressed that Kevin is having a strained financial circumstance, as well as Donna, but not to such an extent that he cannot afford the increase in child support of $126.10 per month, for a total of $526.10 for two boys ages 8 and 11.
Kevin does not deny there was a change in circumstances, rather he argues that the change was not a substantial change. This argument is flawed. The law does not demand a substantial change, but merely a change in circumstance. La.Civ. Code art. 142. The words "substantial change" crept into the jurisprudence intermittently as correctly cited by Kevin in State v. Dice, 26,955 (La.App. 2 Cir. 4/5/95); 653 So.2d 213, and in Rushing v. Rushing, 614 So.2d 268 (La.App. 3 Cir.1993). In Kleiser v. Kleiser, 619 So.2d 178 (La.App. 3 Cir.1993), this court correctly applied the law as requiring only "a change in circumstances." Id. at 180. We do not find that the burden of proving a change in circumstance requires proving a substantial change. We find the party asking for an increase need only prove a change of circumstances sufficient to justify the increase in child support granted. Sometimes the change in circumstances will be substantial and sometimes not; the magnitude of the change of circumstance is peculiar to the facts of a particular case. Simply stated, the type of change in circumstance is presented and determined on a case by case basis.
We do not find that Donna showed a substantial change in circumstances, but she did show a change in the boys' circumstances in that the boys are older, their clothes are more expensive and their activities increased with added expenses. Kevin does not deny these changes, but he argues Donna did not adequately prove these changes. On the other hand, the trial court did not grant Donna a substantial increase. We find the increase in child support modest and reasonable for two growing boys. We also find that Donna adequately proved the change in the boys' circumstances by her testimony. She is their mother and is the primary custodial parent; as such, her testimony is worthy of heavy consideration. Her requests and needs for *683 the boys were simple and did not warrant a more sophisticated and expensive form of proof.
Donna clearly proved that Kevin received an increase in wages. He argues that his wage increase of seventy ($.70) per hour is too small to really count as a change in circumstance. We find no abuse of discretion by the trial court in considering this increase in wages.
It is well established that the trial court has great discretion in decisions concerning modification of child support and we cannot disturb a trial court's modification absent a clear abuse of discretion. After our careful review of the record, we find no abuse of discretion by the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Kevin K. Rousseau.
AFFIRMED.
NOTES
[1] Kevin claims he earns $2,125 per month. This is because Kevin divided $21,258.43 by 10 months when he should have divided his year to date gross wages by 9 months, which is a more correct approximation and a difference of $237 per month.