832 So.2d 1098 (2002)
Bryan D. WALKER
v.
Melody Snow WALKER.
No. 02-606.
Court of Appeal of Louisiana, Third Circuit.
December 4, 2002.
*1099 Dee A. Hawthorne, Melrose, LA, for Plaintiff/Appellant, Bryan D. Walker.
Anna L. Garcie, Many, LA, for Defendant/Appellee, Melody Snow Walker (Now Mooter).
Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS, and BILLIE COLOMBARO WOODARD, Judges.
WOODARD, Judge.
In this child support case, Mr. Bryan D. Walker appeals the trial court's modification of child support provisions, including, but not limited to, tax deductions, visitation expenses, retroactivity of the child support reduction, payment for school clothes, and the continual exchange of income information and recalculation of child support. We reverse in part and affirm as amended.

* * *
On March 30, 2000, Bryan D. Walker filed a petition for divorce from his estranged wife, Melody Snow Walker, now *1100 Mooter. The trial court signed the divorce judgment on May 15, 2000. Subsequently, the parties signed a consent judgment, stipulating to joint custody of their four children, designating Ms. Walker to be the domiciliary parent and awarding Mr. Walker visitation every other weekend, every other major holiday, and six weeks during the summer. Additionally, based on the stipulation, the court ordered him to pay child support, totaling $1,320.00 per month, medical insurance, 85% of the non-covered medical expenses, and 50% of the non-covered dental and optical bills. Furthermore, it ordered him to purchase school clothes, jackets, and shoes for the minor children at the beginning of each school year, as well as to pay all of Reginald Walker's expenses during his junior year of high school. In turn, Ms. Walker was to use the physicians listed in the Preferred Providers Plan.
Following the consent judgment, one child reached the age of majority. Another died. Ms. Walker moved to Oklahoma. Mr. Walker relocated to Gonzalez, Louisiana. Both remarried and experienced changes in their incomesMs. Walker's income increased; Mr. Walker's decreased.
Because of these changes in circumstances, on November 9, 2001, Mr. Walker filed a rule to show cause why the previous consent judgment should not be modified. Based upon his reduced annual salary of $50,000.00 and Ms. Walker's increased annual income of $17,160.00, the trial court recalculated the total child support obligation to be $1,175.00. It assessed Mr. Walker with 74.45% of support and Ms. Walker with 25.55%. This reduced Mr. Walker's child support obligation to $875.00 per month for two children. The court made it effective for January 1, 2002.
It also ordered the parties to exchange income information, such as W-2 forms and check stubs, throughout the year, because Mr. Walker expected to receive work-related bonuses. These would affect his annual income and, thus, the child support obligation, which the court ordered the parties to recalculate on their own. Furthermore, Ms. Walker is to provide health care insurance for the children, which her new husband can do through his employer at no additional premium cost. The court ordered each party to pay his/ her proportionate share of all health care costs (including medical, dental, and optical) which the insurance plan does not cover. They are to share travel expenses for visitation at the same percentage as their respective child support obligations. Additionally, Mr. Walker is to pay $250.00 per child to Ms. Walker each August for new school clothes. Finally, the trial court assigned all annual tax deductions for the children to Ms. Walker.
Mr. Walker appeals.
STANDARD OF REVIEW
We may not set aside a trial court's finding of fact absent manifest error or unless it is clearly wrong.[1] As such, in order to reverse the trial court's judgment, after reviewing the record in its entirety, we must find that a reasonable factual basis does not exist for the trial court's finding and that the record establishes that the finding is clearly wrong.[2]
EXCHANGE OF INCOME INFORMATION
Mr. Walker asserts that the trial court erred by ordering the parties to exchange income information and make child support adjustments throughout the year because of his commissions. He claims that the court's error will force a continual adjustment of child support, *1101 based on the income information exchanged, without meeting the legally required burden for change under La.R.S. 9:311(A), which provides, in pertinent part:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
(Emphasis added.) This implies that the parties must return to court with their evidence. Furthermore, La.R.S. 9:311's COMMENT (A) provides that a reduction or increase in child support must be supported by a change in circumstances which is material. It defines material as:
[A] change in circumstance having real importance or great consequences of the needs of the child or the ability to pay of either party. The amendment specifying that the court first consider the threshold matter of materiality of the change in circumstance overrules Stogner v. Stogner, 739 So.2d 762 (La.1999), in which the Louisiana Supreme Court held that any change in circumstances is sufficient to justify a reduction or increase in child support, a conclusion extended to spousal support by the court of appeal in Council v. Council, 775 So.2d 628 (La.App. 2 Cir.2000).
(Emphasis added.)
While we understand that the trial court ruled as it did in an effort to try to alleviate some of the parties' burden of having to return to court when Mr. Walker's income changes, we do not find support for it in the law. Therefore, we must reverse this part of the ruling.
TAX DEDUCTIONS
Mr. Walker urges us to reverse the trial court's ruling, granting all tax dependency claims to Ms. Walker. Based on La.R.S. 9:315.18(C), "[t]he non-domiciliary party whose child support obligation exceeds seventy percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions every year if no arrearages are owed by the obligor." (Emphasis added.) Ms. Walker contends that the trial court granted her the tax deductions because Mr. Walker's commissions were not guaranteed. Although she correctly states that Mr. Walker testified that he would not have a problem with her claiming the minor children if their education would be paid for through the State of Oklahoma based on her income, she did not establish this fact to be reality.
As neither party presented any evidence regarding arrearages in child support, and the court compelled Mr. Walker to pay 74.45% of the child support obligation, we find that the trial court erred in awarding Ms. Walker the tax deductions. Therefore, we reverse this part of the trial court's ruling and award them to Mr. Walker.
NON-COVERED MEDICAL EXPENSES
Additionally, Mr. Walker complains that the trial court erred in requiring him to pay any percentage of all medical expenses which insurance does not cover. The court specified medical, dental, and optical expenses. La.R.S. 9:315(C)(3) governs this issue:
"Extraordinary medical expenses" means uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders.
(Emphasis added.)
We find that it was within the trial court's discretion to specify all medical expenses not covered. However, this statute *1102 permits, only, an allocation of that unpaid portion after the first $100.00. Thus, we amend the court's ruling accordingly. Mr. Walker is to pay 74.45% of that amount above $100.00 for all non-covered medical expenses, including dental, medical, and optical.
SCHOOL CLOTHES
Mr. Walker urges that the trial court erred in ordering him to pay an additional $250.00 per child for school clothes.
Usually, clothes are considered to be part of the basic child support obligation.[3] Ordering Mr. Walker to pay an additional $500.00 elevates his child support obligation beyond that which the child support guidelines require. Those guidelines are expressed in La.R.S. 9:315.1 which provides, in pertinent part:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.

B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines.
(Emphasis added.)
The court has provided no reasons for the deviation, and we find none. Notwithstanding, logically, La.R.S. 9:315.6 permits the costs for certain children's clothes to be assessed in addition to the basic obligation if the clothes fit the criteria for extraordinary expenses:[4]
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.
(2) Any expenses for transportation of the child from one party to the other.
The record contains no evidence that the clothes for the children in the instant case are for a private or special school. Thus, they do not qualify as an extraordinary expense to be allocated above the basic child support obligation. We reverse this part of the trial court's ruling.
RETROACTIVITY
Lastly, Mr. Walker asserts that the trial court erred in making the reduction of child support effective on January 1, 2002, his next pay period after the reduction, rather than retroactive to the date of judicial demand. La.R.S. 9:315.21(C) provides: "Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand." (Emphasis added.) Because the trial court neither showed good cause nor gave any reasons for its actions, we reverse this portion of its ruling and make the reduction retroactive to the date of judicial demand.

*1103 CONCLUSION
Mr. and Ms. Walker signed a consent judgment regarding a multitude of matters, including child custody and child support, designating Ms. Walker to be the domiciliary parent. Due to a change of circumstances, Mr. Walker filed a rule to reduce child support. At that hearing, the trial court reduced his child support obligation to $875.00 per month; ordered him to pay an additional $250.00 per child for school clothes each August, as well as to pay 74.45% of all medical costs not covered by Ms. Walker's insurance plan and 74.45% of the children's travel expenses; allocated all annual tax deductions for the children to Ms. Walker; and ordered the parties to exchange financial information throughout the year as Mr. Walker's income changes and to recalculate, on their own, child support and the resulting percentages of other contingent expenses. Mr. Walker appealed.
Because the trial court failed to follow statutory guidelines, we reverse its ruling regarding the exchange of income information, its assignment of the tax deductions to Ms. Walker, its assessment against Mr. Walker for an additional $250.00 per child for school clothes, and we make the reduction effective to the date of judicial demand. We amend its order that Mr. Walker pay a percentage of all non-covered medical costs. Mr. Walker is to pay 74.45% of all non-covered medical expenses, including dental and optical, above $100.00.
We assess all costs of this appeal to Ms. Walker.
REVERSED IN PART, AND AFFIRMED AS AMENDED.
NOTES
[1] Stobart v. State through Dep't of Transp. & Dev., 617 So.2d 880 (La.1993).
[2] Id.
[3] La.Civ.Code art. 227.
[4] See Settle v. Settle, 25,643 (La.App. 2 Cir. 3/30/94); 635 So.2d 456, writ denied, 94-1340 (La.9/16/94); 642 So.2d 194.