STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**13-1442**

CRAIG WILSON COLE

VERSUS

JOY TERESSA BONNETTE COLE

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2008-2414-B/A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of John D. Saunders, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Rodney M. Rabalais**
**Attorney at Law**
**Post Office Box 447**
**Marksville, Louisiana 71351**
**(318) 253-4622**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Craig Wilson Cole**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Roy & Scott Attorneys at Law**
**107 North Washington Street**
**Marksville, Louisiana 71351**
**(318) 240-7800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Joy Teressa Bonnette Cole**

**CONERY, Judge.**

In this child support case, the father, Craig Wilson Cole, appeals the trial court's judgment increasing the child support award for their minor child from $288.00 to $872.12 per month, finding a *material* change of circumstances from the last time the child support award was set. The trial court based its ruling on evidence presented that Craig's custody of the minor child was no longer a shared custody arrangement, but a *de facto* joint custody arrangement. Support was set pursuant to statute using the joint custody guidelines required by the application of Worksheet A and not Worksheet B, shared custody, for a proper determination of the child support award. The trial court also found that Craig's income increased due to regular and consistent overtime earnings. Finding no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

Joy Teressa Bonnette Cole and Craig Wilson Cole were married on December 5, 1998, and are the parents of one minor child, a son born August 30, 2005. There is a history of disputes between the parties concerning the terms of both the custody arrangement and the amount of child support.

On August 4, 2008, the parties filed a joint petition for divorce seeking joint custody and a designation as co-domiciliary status. A consent judgment was signed by the trial court appointing Joy as the domiciliary parent and awarding Craig visitation privileges. Craig agreed to and was ordered to pay Joy $500.00 a month in child support for their minor child.

Since the original consent judgment in 2008, the parties have entered into four other consent judgments relating to both custody and child support. On October 18, 2012, the parties agreed to the last of the four consent judgments. The

October 18, 2012 Consent Judgment allowed Craig additional time with the minor child, including extended alternating four-day weekends, two weekdays per week, and additional time during the summer. The addition of these days changed the custody of the minor child from joint to shared custody, requiring coordination with the "father's work schedule so that each parent enjoys an equal amount of time with the child." Craig's monthly child support award was reduced from $774.04 to $288.00 using the child support guidelines for shared custody contained in Worksheet B.

Following the entry of the October 18, 2012 Consent Judgment, Joy filed a motion asking that an evidentiary hearing be re-fixed to address a change in circumstances. Joy claimed that the October 18, 2012 Consent Judgment was no longer in the best interests of the minor child and sought a hearing to address "custody, visitation and support." The trial court held a hearing on February 15, 2013, and issued oral reasons from the bench. On March 19, 2013, a considered decree was signed. However, the record of the February 15, 2013 hearing only addressed the issue of custody. There is no evidence in that record of any testimony relating to the issue of child support.

In the March 19, 2013 Considered Decree, the trial court determined that custody between the parents remain shared. However, the trial court modified the October 18, 2012 Consent Judgment by increasing Craig's every other weekend schedule to five days, beginning on Thursday at 10:00 a.m. and concluding on Tuesday at 5:00 p.m. The weekday schedule was reduced to "One two-day, one night block each and every month commencing at 10:00 a.m. and ending at 5 p.m. the next day." The trial court also ordered Craig to choose the two days and one

night upon receiving his work schedule each month and to notify Joy immediately of the time he wished to exercise custody.

The March 19, 2013 Considered Decree provided that "all other provisions contained in any previous judgment that are not in conflict with this Judgment shall remain in force and effect." Per the provisions of the March 19, 2013 Considered Decree, the $288.00 award for monthly child support remained "in force and effect" as ordered in the October 18, 2012 Consent Judgment.

Two months later, on May 21, 2013, Joy filed a rule to increase child support on the basis that the modification of visitation in the March 19, 2013 Considered Decree changed the child custody arrangement from shared back to joint custody, and justified an increase in the child support award. Additionally, Joy also sought an increase in child support due to an increase in Craig's income from regular overtime pay.

On August 19, 2013, the trial court held a hearing to address the issues raised in Joy's May 21, 2013 rule. The trial court issued a ruling on September 4, 2013, and assigned written reasons for judgment. The trial court found that the actual time that the minor child was in Craig's physical custody did not conform with the custodial times set forth in either the March 19, 2013 Considered Decree or the October 18, 2012 Consent Judgment and, therefore, no longer met the statutory and/or jurisprudential definition of shared custody. The $288.00 per month child support award had been calculated premised on a shared custody plan where each party would have the child equally. In its September 4, 2013 ruling, the trial court found factually that a *de facto* joint custody scheme was in effect between the parties and not a shared custody plan. The actual time the minor child was in the parents' custody was found to be 61% with Joy and 39% with Craig

3

and, therefore, was commensurate with the statutory definition of joint custody. This finding resulted in a *material* change in circumstances. The trial court exercised its considerable discretion and applied Worksheet A, rather than Worksheet B, for a determination of Craig's child support obligation under the *de facto* joint custody plan then existing between the parties.

The trial court then considered the issue of Craig's overtime pay as an additional basis for a *material* change in circumstances. Craig testified that his income had increased since the October 18, 2012 Consent Judgment based on his overtime work schedule. Craig testified that he consistently worked overtime and was expected to continue to do so for the foreseeable future.

The trial court found that based on Craig's new income figures, the "payment of $288.00 is not fair or adequate for the child." The trial court ruled Craig's increase in income, based on his pay for consistent overtime work, provided another basis for a *material* change in circumstances.

The trial court ordered that Craig's child support obligation be modified using Worksheet A, "because joint custody instead of shared custody is applied between the parties in the amount of the time that each parent has physical custody of the child" and "to reflect a material change in circumstances due to an increase in Craig's income, from the time the previous child support judgment was rendered." The modification based on joint custody and the use of Worksheet A, coupled with Craig's increase in income, resulted in an increase in the child support award from $288.00 based on shared custody using Worksheet B to $872.12 per month, and was more in line with the $774.04 amount that Craig was paying prior to the October 18, 2012 Consent Judgment.

The trial court's September 4, 2013 ruling is memorialized in its October 9, 2013 judgment, which is the source of Craig's one assignment of error on appeal wherein he alleges that "The trial court erred in increasing support."

## LAW AND ANALYSIS

*Standard of Review*

In the absence of manifest error or unless it is clearly wrong, an appellate court may not set aside a trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The standard of review for child support awards is well established in this circuit and others. "The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion." *Stelly v. Stelly*, 02-113 (La.App. 3 Cir. 6/26/02), 820 So.2d 1270.

In *McCorvey v. McCorvey*, 05-174, p. 4 (La.App. 3 Cir. 11/2/05), 916 So.2d 357, 362, *writ denied,* 05-2577 (La. 5/5/06), 927 So.2d 300, this court stated, "The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts."

Louisiana Civil Code Article 142 provides in pertinent part, "An award of child support may be modified if the circumstances of the child or of either parent materially change."[1] Louisiana Revised Statutes 9:311(A)(1) provides, "An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the

---

[1] Louisiana Civil Code Article 142 Comment–2001 states, in pertinent part, "The amendment adds *materially* to describe the change in circumstances necessary to obtain a modification . . . of child support."

5

previous award and the time of the rule for modification of the award."[2] The party seeking modification of the child support award, in this case Joy, has the burden to prove there has been a *material* change in circumstances. *Lord v. Lord*, 09-457 (La.App. 3 Cir. 11/4/09), 22 So.3d 1134, *writ denied*, 09-2634, (La. 2/12/10), 27 So.2d 849. "This implies that the parties must return to court with their evidence." *Walker v. Walker*, 02-606, p. 3 (La. App. 3 Cir. 12/4/02), 832 So.2d 1098, 1101. The statute does not otherwise define "material." The court in *Walker* references Comment (A) under La.R.S. 9:311. The comment is not part of the statute, but nevertheless discusses "material" as "a change in circumstance having real importance or great consequences for the needs of the child or the ability to pay of either party."

### *Date of Modification of the Child Support Award*

Craig argues that the trial court erred in finding that he was not exercising the shared custody ordered by the trial court in its March 19, 2013 Considered Decree. Craig urges that there have been no *material* changes in the circumstances of either parent or the minor child, as required by La.R.S. 9:311(A)(1), between the March 19, 2013 Considered Decree and the August 19, 2013 hearing on Joy's rule for an increase in child support. Craig also argues that the trial court erred in considering any time period prior to the March 19, 2013 Considered Decree and that the trial court should have been precluded from considering not only the

---

[2] Louisiana Revised Statues 9:311 was amended by the Louisiana Legislature in Acts 2001, No. 1082, § 1, to clarify the burden of proof required for a modification of child support. The amendment to La.R.S 9:311 included the terms "material change in circumstances," which legislatively superseded that portion of the supreme court opinion in *Stogner v. Stogner*, 98-3044 (La. 7/7/99), 739 So.2d 762, holding that a "substantial change in circumstances" was not required for a modification of child support.

October 18, 2012 Consent Judgment, but also the February 15, 2013 hearing which resulted in the March 19, 2013 Considered Decree.

However, the term "previous award" contained in La.R.S. 9:311(A)(1) has been defined as "the time the last award was set, not the last time a motion was considered and denied." *Deshotels v. Deshotels*, 93-2026, p. 4 (La.App. 1 Cir. 6/24/94), 638 So.2d 1199, 1201. The transcript from the February 15, 2013 hearing, when reviewed in conjunction with the March 19, 2013 Considered Decree, reflects that the trial court changed Craig's custody of the minor child from the October 18, 2012 Consent Judgment. Both judgments, however, attempted to set forth a plan of shared custody on an almost equal basis.

A review of the record of the February 15, 2013 hearing confirms that only evidence on the issue of custody was heard and ultimately determined by the trial court. No evidence on the issue of child support was submitted into the record at that hearing. Moreover, the trial court did not make any factual determination of the percentage of time each parent would have physical custody under either the revised custody provisions contained in the October 28, 2012 Consent Judgment or in the March 19, 2013 Considered Decree, though both judgments were intended to provide for shared custody.

The trial court found that the evidence at the last hearing on August 19, 2013, demonstrated that the increase in physical custody that was granted to Craig in the October 18, 2012 Consent Judgment and modified in the March 19, 2013 Considered Decree resulting in shared custody was creating confusion for the minor child. Though no motion to change custody had been filed, the trial court factually found that Craig had failed to take advantage of the additional time granted by the trial court in its previous rulings. The trial court found that an equal

sharing of custody was problematic due to Craig's erratic work schedule. The situation was further complicated by the lack of communication between Craig and Joy involving changes in Craig's work schedule, resulting in confusion for the minor child and unnecessary conflict between the parents.

The meaning of "previous award" when applied to the facts of this case confirms that the trial court was correct in its ruling that any *material* change in circumstances for the child and/or either of the parents must be measured from the date of the October 18, 2012 Consent Judgment, which was "the last time the child support award was set" in the amount of $288.00 per month based on shared custody and use of Worksheet B. The March 19, 2013 Considered Decree did not address the issue of child support except to say that all previous rulings not in conflict would remain in effect. La.R.S. 9:311(A); *Deshotels*, 638 So.2d 1199.

This court finds it helpful to state the rationale of the court in *Deshotels* for the meaning of "previous award" with which we agree applies to the facts of this case. The first circuit stated:

> If a "previous award" is defined as the last time a motion was considered and denied, as in this case, incremental changes in circumstances between motions may not justify a finding that circumstances have changed enough to modify support. Over time, however, incremental changes can build up. If the court is limited to considering changes between rules only, then it cannot take into account incremental build-up of small changes, which can dramatically change the circumstances. The best interest of the child is not served in this way.
>
> On the other hand, when the court looks at the circumstances at the time the last award was set, rather than the last time a motion to modify the award was made, then the court would always be able to decide whether circumstances have changed based on the whole picture and the time frame would encompass any incremental changes.

*Deshotels*, 638 So.2d at 1201.

8

In *Starks v. Starks*, 29-237 (La.App. 2 Cir. 4/3/96), 671 So.2d 1224, the second circuit considered a case with similar circumstances. A consent judgment had been signed addressing custody and child support in August, 1993. Differences ensued between the parties in arranging visitation times which resulted in Mrs. Starks seeking a joint custody implementation plan in which the court provided in an August, 1994 consent judgment, "No change was made in the amount of child support awarded pursuant to the August, 1993, Judgment." *Id.* at 1225.

At a subsequent hearing, Mr. Starks sought and was granted a reduction in his child support obligation dating from the original August, 1993 consent judgment. Mrs. Starks appealed, urging error by the trial court in using the original 1993 consent judgment in setting the child support award, rather than the date of the modified custody plan in 1994. The second circuit affirmed the trial court's ruling that the original 1993 consent judgment was the correct date of the "previous award." The second circuit stated:

> The instant August 1994 consent judgment did not modify or award child support, nor was child support at issue. The language in the joint custody implementation plan indicates that there was no new agreement or judgment on the child support issue, but only that the previous award was still in effect.

*Id.* at 1226.

In this case, the March 19, 2013 Considered Decree also did not address the issue of child support. We, therefore, agree with the trial court's determination that the last "previous award" of child support was in the October 18, 2012 Consent Judgment, which was the correct starting point for the trial court's analysis of the issue of Joy's request for an increase in the child support award.

9

*Material Change in Circumstances – Shared Versus Joint Custody*

The trial court found that a *material* change in circumstances occurred as a result of the modification of the October 18, 2012 Consent Judgment. The March 19, 2013 Considered Decree rearranged Craig's visitation schedule. Following the August 19, 2013 hearing, the trial court found in its reasons for ruling filed on September 4, 2013 that Joy had the child 61% of the time and Craig only 39% since the March 19, 2013 Considered Decree. This change, the trial court found, represented a *material* change in circumstances from the intended shared custody plan to a *de facto* joint custody plan.

Louisiana Revised Statutes 9:315.9(A)(1) provides, "'Shared custody' means a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time." In such a situation, Louisiana Revised Statutes 9:315(B) requires the application of Worksheet B, contained in La.R.S. 9:315.20.

Louisiana Revised Statutes 9:315.8(E) states, "'Joint Custody' means a joint custody order that is not shared custody as defined in R.S. 9:315.9." Louisiana Revised Statutes 9:315.8(E)(5) provides, "Worksheet A reproduced in R.S. 9:315.20 or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection."

In *DeSoto v. DeSoto*, 04-1248 (La.App. 3 Cir. 2/2/05), 893 So.2d 175, the parties had a custody agreement that provided for a 54.5/45.5 split in custodial time. The trial court set support using Worksheet A for joint custody. A panel of this court found that such a custodial split could be defined as shared custody, but nevertheless affirmed the trial court's decision to use Worksheet A based on the

10

facts in that case. The panel affirmed the trial court's vast discretion in setting support based on a fact intensive inquiry on a case-by-case basis.

The court in *DeSoto* also discussed an additional factor for the trial court to consider in determining whether to apply Worksheet A, joint custody, or Worksheet B, shared custody, in setting child support. The court stated, "the court must determine that the application of the guidelines in the particular case under consideration would not be in the best interest of the child or would be inequitable to the parties." *Id*. at 179-80.

In choosing to apply Worksheet A for joint custody, the trial court in this case specifically held:

> Since shared custody is not being used[,] worksheet B is not applicable to determine child support because it would not be in the best interests of the child and would be inequitable to the parties. Therefore, worksheet A should be used to calculate child support because joint custody is what is actually being exercised between the parties.

The trial court's ruling was fully supported by the evidence at the August 19, 2013 hearing. Joy testified that since the March 19, 2013 Considered Decree, she had prepared a breakdown of Craig's court-ordered as opposed to physically-exercised custody. Joy Exhibit 1 confirmed that Craig had custody of the minor child 39% of the time, and Joy had custody for 61% of the time, based on a 365 day year. The trial court so found. Joy Exhibit 2, also submitted into evidence, consisted of the parties "Obligation Worksheet," with supporting documentation, which included financial information of the parties and Joy's expenses for the minor child's medical and dental insurance, as well as the daycare expenses she was paying.

At the August 19, 2013 hearing on the issue of child support, Craig did not dispute Joy's calculations, or claim they were not consistent with the actual amount of physical custody he had exercised with the minor child. After the close of evidence at the August 19, 2013 hearing, Craig submitted a post-trial "hypothetical calendar for August 2013," which was not introduced into evidence, was not considered by the trial court, and, therefore, cannot be considered on appeal. *Hamilton v. Progressive Sec. Ins. Co.*, 10-1005 (La.App.3 Cir. 3/16/11), 59 So.3d 504.

Under the facts found by the trial court based on the evidence introduced at trial, we find that the trial court did not abuse its discretion in making the determination that Worksheet A, and not Worksheet B, was applicable to the actual physical custody arrangement existing between the parties. In its reasons for ruling, the trial court cited *Lea v. Sanders*, 04-762 (La.App. 3 Cir. 12/22/04), 890 So.2d 764, *writ denied*, 05-183 (La. 3/24/05), 896 So.2d 1046, and found the factual circumstances in *Lea* were quite similar to those before the court in this case:

> The Third Circuit held that the father's visitation of 43% and his pattern was typical of joint legal custody arrangement. The court looked at the fact that the father did not present evidence that he is bearing a greater financial responsibility under this arrangement or that he is decreasing the financial burden of the domiciliary parent. The court found that the father's visitation does not fall within the shared custody of La.R.S. 9:315.9, where each parent expends time and resources equally in caring for his children. From the evidence, Craig spends 39% of the time with the child and is below the 43% threshold set forth in this case. Further, *Craig has made no argument that he has decreased the financial burden of Joy who is paying the minor child's health insurance and day care costs.*

(Emphasis added.) Thus, we find no manifest error in the trial court's findings and its application of Worksheet A in setting the amount of child support.

*Material Change in Circumstances - Increased Income - Overtime Work*

The trial court also found a *material* change in circumstances occurred due to an increase in Craig's income. Craig testified at the August 19, 2013 hearing that although his actual hourly pay had not changed, his income had increased due to his consistently picking up overtime shifts. Craig further testified that he was "expecting to work overtime shifts indefinitely at his place of employment." A trial court is allowed to consider overtime pay in its calculation of child support if there is a finding that the overtime work is not extraordinary. *Ezernack v. Ezernack*, 04-1584 (La.App. 3 Cir. 4/6/05), 899 So.2d 198.

Craig argued to the trial court that the increase in his income from the overtime pay was not sufficient to warrant a *material* change in circumstances, triggering a modification of child support. However, the trial court found as follows:

> "The party asking for an increase need only prove a change of circumstances sufficient to justify the increase in child support ... Sometimes the change in circumstances will be substantial and sometimes not; the magnitude of the change of circumstances is peculiar to the facts of a particular case. Simply stated, the type of change in circumstance is presented and determined on a case by case basis." *Rousseau v. Rousseau*, 96-502 (La.App. 3 Cir. 12/26/96), 685 So.2d 681, 682; [*Stogner v. Stogner*], 98-3044 (La. 7/7/99), 739 So. 2d 762, 769. Craig argues that his income has not increased to be a *material* change in circumstances. As stated in the Rousseau case, the change does not have to be substantial for the trial court to find that a material change in circumstances has occurred. Therefore, an increase in income of Craig is a material change of the parent that may warrant a modification of child support.[3]

---

[3] Although the trial court references the supreme court case in *Stogner*, which held that the change in circumstances for an increase in child support did not have to be "substantial," but that any change in circumstances could be considered by the trial court, the trial court's reasons clearly indicate that it relied on *Rousseau v. Rousseau*, 96-502 (La.App. 3 Cir. 12/26/96), 685 So.2d 681, 682, in making its determination that a *material* change of circumstances existed due to the decrease in Craig's physical custody of the minor child and the increase in Craig's salary due to his overtime work.

We find no manifest error in the trial court's finding that the increase in Craig's income due to his consistent overtime work schedule constituted a *material* change in circumstances, which, when coupled with the decrease in the amount of time the child spent with his father, warranted the trial court's modification of the child support award. *Ezernack*, 899 So.2d 198.

The trial court properly found a material change in circumstances and properly exercised its discretion to use Worksheet A, relative to joint custody, based on a 61% to 39% custody split, and Craig's increased overtime earnings, in calculating the proper amount of child support.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court increasing the monthly child support award from $288.00 to $872.12 payable by Craig Wilson Cole to Joy Teressa Bonnette Cole for the support of the minor child. All costs of this appeal are assessed against Craig Wilson Cole.

**AFFIRMED.**