STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-358

SHERELL L. FONTENETTE

VERSUS

EARLY J. DOUCET, III

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 73,783, DIVISION "B"
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

REVERSED AND REMANDED.

Roger P. Hamilton, Jr.
Post Office Box 12625
New Iberia, Louisiana 70562
(337) 519-7180
COUNSEL FOR APPELLANT:
    Early J. Doucet, III


Lucretia Pecantte
420 Iberia Street
Post Office Box 9010
New Iberia, Louisiana 70562-9010
(337) 374-1202
COUNSEL FOR APPELLEE:
    Sherell L. Fontenette

**GENOVESE, Judge.**

In this child support case, the father appeals the trial court's denial of his motion to reduce his child support. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Sherell L. Fontenette and Early J. Doucet, III, are the biological parents of a minor son, Payton Tyler Doucet, born on October 24, 2004. Mr. Doucet was a professional football player. In 2008, he was drafted by the Arizona Cardinals football team of the National Football League (NFL). Subsequently, Ms. Fontenette filed suit, seeking an award of child support. Ms. Fontenette and Mr. Doucet entered into a Consent Judgment wherein Mr. Doucet agreed to pay Ms. Fontenette child support for their minor child in the amount of $3,000.00 per month. In May 2012, Ms. Fontenette filed a rule for increase in child support.[1] The trial court found in favor of Ms. Fontenette and increased Mr. Doucet's child support obligation to $7,500.00 per month, retroactive to May 1, 2012, by judgment dated December 20, 2012.[2]

On June 12, 2013, Mr. Doucet filed a rule for reduction in child support because he was "no longer under contract by an NFL team and is currently unemployed." A Hearing Officer Conference was held on January 9, 2014. The Hearing Officer recommended decreasing Mr. Doucet's child support obligation to $3,500.00 per month. Mr. Doucet objected to the Hearing Officer's recommendation. The trial court heard Mr. Doucet's rule for reduction in child

---

[1]Mr. Doucet had signed a new contract with the Arizona Cardinals in May 2012.

[2]In the unpublished opinion, *Fontenette v. Doucet*, 13-618 (La.App. 3 Cir. 11/6/13), this court affirmed the trial court's judgment.

support on May 29, 2014, and the matter was taken under advisement with post-trial memoranda submitted by the parties. The trial court subsequently rendered written Reasons for Judgment, denying Mr. Doucet's request to reduce child support on August 25, 2014.[3] A judgment in accordance therewith was signed on October 8, 2014. It is from this judgment that Mr. Doucet appeals.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Mr. Doucet contends "[t]he trial court erred by denying the motion for modification and/or reduction in child support."

## STANDARD OF REVIEW

As pronounced by this court in *Cole v. Cole*, 13-1442, p. 5 (La.App. 3 Cir. 6/4/14), 139 So.3d 1225, 1228:

> In the absence of manifest error or unless it is clearly wrong, an appellate court may not set aside a trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The standard of review for child support awards is well established in this circuit and others. "The trial court has great discretion in decisions concerning modifications of child support decrees, and such decisions will not be disturbed on appeal absent clear abuse of discretion." *Stelly v. Stelly*, 02-113 (La.App. 3 Cir. 6/26/02), 820 So.2d 1270.

## DISCUSSION

The standard for modification of a child support award is set forth in La.Civ.Code art. 142 and La.R.S. 9:311(A)(1). Louisiana Civil Code Article 142 provides: "An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary." Louisiana Revised Statutes 9:311(A)(1) provides: "An award of child support may be modified if the circumstances of the child or of

---

[3]Contrary to the assertions made in Mr. Doucet's brief to this court that he "is entitled to a reduction of his current child support obligation of $3,000.00[,]" presently, Mr. Doucet's child support obligation for Payton is $7,500.00 per month as per judgment dated December 20, 2012.

2

either parent materially change and shall be terminated upon proof that it has become unnecessary."

> The party seeking modification of the child support award . . . has the burden to prove there has been a material change in circumstances. *Lord v. Lord*, 09-457 (La.App. 3 Cir. 11/4/09), 22 So.3d 1134, *writ denied*, 09-2634, (La.2/12/10), 27 So.3d 849. "This implies that the parties must return to court with their evidence." *Walker v. Walker*, 02-606, p. 3 (La.App. 3 Cir. 12/4/02), 832 So.2d 1098, 1101. The statute does not otherwise define "material." The court in *Walker* references Comment (A) under La.R.S. 9:311. The comment is not part of the statute, but nevertheless discusses "material" as "a change in circumstance having real importance or great consequences for the needs of the child or the ability to pay of either party."

*Cole*, 139 So.3d at 1228-29.

Mr. Doucet contends that the trial court erred in denying his request for a reduction of child support for Payton because his circumstances have drastically changed. He states that he no longer has the income he earned when he was a professional football player. At trial in May 2014, Mr. Doucet testified that he was no longer employed as a professional football player and was, instead, a full-time student at Louisiana State University in Baton Rouge. According to Mr. Doucet, he was earning his Bachelor's degree and planned to obtain a Master's degree in order to pursue a career in coaching on a high school or collegiate level. Mr. Doucet sought a decrease in the amount of child support awarded for Payton, which he contends was based upon income he earned during his employment as a professional football player.

According to Ms. Fontenette, the trial court was correct in denying Mr. Doucet's request to decrease child support. She argues that Mr. Doucet failed to "establish a material change in circumstances from the previously awarded child support to the time of filing of the rule to decrease child support pursuant to

3

[La.Civ.Code art.] 142." Ms. Fontenette alleges that Mr. Doucet "filed the motion to modify child support without evidentiary support." She contends that Mr. Doucet's self-serving testimony and his affidavit of income and expenses were unreliable on the basis that even though he does not report any source of gross income, Mr. Doucet has liquid assets, and he clearly continues to live a lavish lifestyle.

As the party seeking modification of his child support obligation, Mr. Doucet bore the burden of proving there has been a material change in circumstances. *Cole*, 139 So.3d 1225. The trial court found that Mr. Doucet failed in his burden of proving there has been a material change in circumstances to warrant a reduction of his child support obligation. We disagree.

Our review of the record clearly reveals that Mr. Doucet proved a material change in circumstances. Mr. Doucet's present child support obligation—$7,500.00 per month—was set when he was receiving $166,000.00 per month for a year while playing professional football. It is not disputed that Mr. Doucet is no longer a professional football player and that he no longer has this income or any earned income. Mr. Doucet was injured, released from his team, and has been unable to obtain employment in the NFL since early 2012. Mr. Doucet testified at trial that he was a full-time college student and had zero income. This was not controverted. The trial court made a specific finding that Mr. Doucet is not voluntarily unemployed, yet it maintained his child support at $7,500.00 per month. Mr. Doucet is living off rapidly depleting capital assets which he is also using to pay $3,000.00 a month child support for each of two other children, as well as attempting to pay $7,500.00 a month which he was ordered to pay in this case. We find manifest error in the trial court's failure to find a material change in

4

circumstances. The trial court abused its discretion in maintaining Mr. Doucet's child support obligation at the same level upon which it was previously set based on his highest earnings when he was a professional football player. Mr. Doucet no longer earns $166,000.00 per month, and has no earned income. He has legally proved a material change in circumstances warranting a reduction in child support from the prior $7,500.00 per month award. Therefore, the October 8, 2014 judgment denying Mr. Doucet's rule for reduction in child support is reversed.

Further, although the record establishes that Mr. Doucet is entitled to a reduction in child support, the record is completely devoid of any evidence concerning the needs of the child and the ability of both parents to pay child support, particularly Mr. Doucet's ability; therefore, the record is insufficient to determine child support according to the guidelines set forth in La.R.S. 9:315—La.R.S. 9:315.20. Consequently, a remand is required. *See State v. Willis*, 10-865 (La.App. 3 Cir. 12/8/10), 53 So.3d 586.

## DECREE

For the foregoing reasons, the October 4, 2104 judgment of the trial court is reversed, and this case is remanded to the trial court for a hearing to set child support based on the actual needs of the child and the current ability of the parents to contribute to the support of the child. Costs of this appeal are assessed equally between the parties.

**REVERSED AND REMANDED.**